UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DUSTIN ROBERT HUFFMAN,

        Plaintiff,                            Case No. 2:08-cv-282

v.                                           Honorable Robert Holmes Bell

PATRICIA CARUSO et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.   Factual allegations

Plaintiff is presently incarcerated at the Marquette Branch Prison (MBP). He alleges that Defendants failed to respond to his grievance despite his numerous kites and letters of inquiry, which violates prison policy. He further alleges that Defendants withheld information from him, which in turn caused his pending lawsuit to be dismissed for failure to state a claim. He claims he is being denied access to the courts.

Plaintiff brings this lawsuit against Michigan Department of Corrections (MDOC) personnel Patricia Caruso, J. Armstrong, R. Stapleton, Gerald Hofbauer, M. Laitinen, and F. Govern. For relief, Plaintiff seeks monetary damages.

II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The standard requires that a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2001). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 127 S. Ct. at 1965; *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not accept as true legal conclusions or unwarranted factual inferences). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."

*Twombly*, 127 S. Ct. at 1974; *see also United States v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008); *United States ex rel. Bledsoe v. Comty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court recognized a prisoner's fundamental right of access to the courts. Plaintiff alleges that he has been denied his right of access to the courts because Defendants failed to respond to his grievances and withheld necessary information from him. Plaintiff provides no details regarding this claim. It is evident that Plaintiff's claim does not concern the type of denial of access to the courts as defined by *Bounds v. Smith*, 430 U.S. at 828, which requires prison officials to provide adequate law libraries or assistance from persons trained law to ensure that inmates have adequate, effective, and meaningful access to the courts. At most, plaintiff's contention concerns access to the courts as protected by the due process clause. *See McCray v. Maryland*, 456 F.2d 1, 6 (4th Cir. 1972) (analyzing complaint against deputy clerk for impeding the filing of papers under the due process clause); *Morrison v. Lipscomb*, 877 F.2d 463, 467 (6th Cir. 1989) (the heart of the constitutional right to due process of the law is the fundamental right to seek vindication of rights in court).

The Supreme Court has long held that the due process clause prevents the states from denying litigants the use of established adjudicatory procedures, when such an action would be the equivalent of denying the litigant an opportunity to be heard upon their claimed rights. *Boddie v. Connecticut*, 401 U.S. 371, 380 (1971); *see Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429-30 (1982). The Court cannot discern whether Plaintiff complains about a suit pertaining to the same issues as in this case, or to a different proceeding altogether. He alleges specifically that he was unable to provide information to Judge R. Allan Edgar, which caused his complaint to be dismssised. A review of the Court's records show that Plaintiff filed the following two actions that were assigned to Judge Edgar, and which were dismissed for failure to state a claim: *Huffman v. Shubert*, 2:08-cv-89 (W.D. Mich. Apr. 4, 2008) and *Huffman v. Womens' Legal Services*, 2:08-cv-182 (W.D. Mich. July 29, 2008). *Huffman v. Shubert* was dismissed because Plaintiff failed to allege a condition that rose to the level of an Eighth Amendment violation. *Huffman v. Womens' Legal Services* was dismissed because the Sixth Amendment right to counsel does not extend to civil matters. *See MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988). Significantly, neither case was dismissed for failure to exhaust administrative remedies, nor was there additional information that could have saved his claims. Accordingly, Plaintiff's present allegations fail to state a claim for denial of access to the courts.

Plaintiff also claims that Defendants violated MDOC policy by failing to respond to his grievance. Section 1983, however, does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Thus, allegations of state law violations will not support a § 1983 claim. *Neinast v. Board of Trustees,* 346 F.3d 585, 597 (6th Cir.2003); *Radvansky v. City of Olmsted Falls,* 395 F.3d 291,

314 (6th Cir.2005). The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no constitutionally protected liberty interest in the grievance process, Defendants' alleged failure to comply with an MDOC policy does not itself rise to the level of a constitutional violation. *See Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *Spruytte v. Walters*, 753 F.2d 498, 508-09 (6th Cir. 1985); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687 at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest). Plaintiff has failed to state a claim based upon an alleged failure to follow MDOC policy.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611

(6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

        This is a dismissal as described by 28 U.S.C. § 1915(g).

        A Judgment consistent with this Opinion will be entered.


Dated: <u>February 23, 2009</u>                            /s/ Robert Holmes Bell
                                                      ROBERT HOLMES BELL
                                                      UNITED STATES DISTRICT JUDGE